## Commonwealth v. Townend

*Thomas Parke, 3rd,* for Commonwealth.

*John O. Platt,* for defendant.

RILEY, J., June 13, 1968.—Defendant was stopped by a State Trooper on the Pennsylvania Turnpike for speeding. While defendant does not believe he was exceeding the speed limit based upon his estimates of time required to cover certain distances, we believe the radar clocking of defendant's speed at 82 miles per hour was accurate and more reliable than defendant's judgment of time and distances. Defendant, however, contends that he was at the time a General in the Pennsylvania National Guard and on duty at the time, and, therefore, exempt from "arrest" under the Act of May 27, 1949, P. L. 1903, sec. 841, which provides:

"No officer or enlisted man shall be arrested on any warrant, except for treason or felony, while going to, remaining at, or returning from, a place where he is ordered to attend for military duty".

Defendant testified that he was on duty at a National Guard meeting at Harrisburg over the weekend and had left Harrisburg to attend a social function in the Philadelphia suburbs on Saturday, and then returned late Saturday night to Harrisburg preparatory to attending the National Guard meeting scheduled for 8 a.m. Sunday morning. At 1:05 a.m. Sunday morning he was stopped by a State Trooper after breaking the radar barrier at 82 miles per hour. The trooper informed him of the speed and that he would receive a summons. Defendant proceeded on his way and a summons was subsequently issued and served by registered mail in the usual way.

While we might hold, as we believe proper, that defendant was upon a journey of his own and not within the limited coverage of the Act of 1949 from a National

Guard duty standpoint, regardless we coincide with the conclusions reached by Judge Johnstone of Lancaster County in Commonwealth v. Talierco, 42 D. & C. 2d 367, holding a member of the National Guard responsible for traffic violations in similar circumstances. We disagree with the conclusions of Judge Kreisher of Columbia County in Commonwealth v. Weber, 30 D. & C. 2d 287, and Commonwealth v. Matthews, 34 D. & C. 2d 479, holding to the contrary.

The act refers to "arrest on any warrant while going to, remaining at, or returning from, a place where he is ordered for duty". The obvious intent and purpose is to prevent a member of the National Guard or other armed services to be hindered in the performance of military duty by police arrest. There is no intent expressed or implied as we view the statute, to render a member of the armed forces exempt from prosecution for violations of the law. The legislature certainly did not intend members of the armed forces, merely because they are such, to speed at 100 miles an hour for example, and be immune from all prosecution, or to carry it to the extreme to be free of any charge of say involuntary manslaughter should a death occur from reckless speed or motor operation. In the instant case there was no arrest, with or without a warrant. The stopping of the car for identification certainly is not an "arrest" nor was the prosecution there instituted. The prosecution was not by any warrant of arrest while defendant was on his way to a duty station under orders, but was by a summons issued after and entirely apart from such journey although involving a violation of law committed during the journey. That the legislature intended The Vehicle Code regulations to apply to the National Guard is evident from the specific exception granted under section 1004 as to ridden animals of the National Guard or Army actually engaged in training or maneuvers. The clear infer-

ence is that unless so excepted the members of the National Guard are subject to the provisions of The Vehicle Code.

We do find defendant guilty as charged. For the convenience of defendant, if he desires to waive the right to personal appearance at sentencing, the sentence is $10 fine and costs of prosecution to be paid within 10 days of this date. Unless so waived and paid, he shall appear in court on June 24, 1968, at 10 a.m., for sentencing.